# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY J BROWN,
        **Plaintiff,**

    v.                                 Case No. 09C0519

RICK RAEMISCH,
MICHAEL THURMER,
LINDA A O'DONOVAN,
WISCONSIN PAROLE BOARD
COMMISSION, JAYNE
HACKBARTH, and ALFONSO
GRAHAM,
        **Defendants.**

## DECISION AND ORDER

Pro se plaintiff Larry Brown, a Wisconsin state prisoner, brings this § 1983 action against defendants claiming that they violated his Fifth and Fourteenth Amendment rights. I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff alleges that his prison file contains false records concerning his sex offender and drug abuse treatments. He alleges that he submitted an inmate complaint to correct them, but that Waupun Correctional Institution Warden Michael Thurmer and inmate complaint examiner Linda O'Donovan refused to investigate or alter his records. He also

alleges that defendants Wisconsin Parole Commission (WPC) commissioner Jayne Hackbarth and WPC chair Alfonso Graham used this erroneous information to deny him parole. He claims that they also retroactively applied parole regulations to him. He requests damages, expungement of false information from his file, an injunction against future use of the ex post facto parole regulations, and an order for a new parole hearing instructing his release.

After reviewing the complaint, it is clear that most of its claims must be dismissed. The Wisconsin Parole Board is not a "person" within the meaning of § 1983, may not be held liable under that statute, and thus must be dismissed. I dismiss Rick Raemisch because he cannot be liable under § 1983 since plaintiff has not alleged that he personally caused or participated in any alleged constitutional deprivation. See Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994). I also dismiss claims for damages against Hackbarth and Graham because they have absolute immunity for their decisions denying parole. See Walrath v. United States, 35 F.3d 277, 281 (7th Cir. 1994). Furthermore, plaintiff cannot challenge the duration or fact of his commitment under § 1983 and thus he is not entitled to hasten his release. Wilkinson v. Dotson, 544 U.S. 74, 76 (2005).

I also dismiss without prejudice the Fourteenth Amendment claims against Thurmer and O'Donovan. Plaintiff has not alleged a federal or constitutional violation. See Sibert v. Schedel, 89 Fed. Appx. 588 (7th Cir. 2004). Plaintiff contends he has a limited constitutional right to expunge false information because it is relied upon in denying parole. But plaintiff has no protected liberty interest under Wisconsin's discretionary parole regime until he reaches his mandatory release date. Grennier v. Frank, 453 F.3d 442, 444 (7th Cir.

2

2006). He does not allege that he has reached the mandatory release date. Thus there can be no denial of a right to due process.

Plaintiff has stated a § 1983 claim for injunctive relief against Hackbarth and Graham premised on ex post facto application of parole regulations. Retroactive application of laws governing parole may violate the ex post facto clause if they increase the punishment for a crime after its commission. Garner v. Jones, 529 U.S. 244, 249-50 (2000). A liberal reading of plaintiff's complaint suggests that is what he alleges.

Therefore,

**IT IS ORDERED** that the Wisconsin Parole Board Commission, Rick Raemisch, Michael Thurmer and Linda O'Donovan will be **DISMISSED** as defendants in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants Jayne Hackbarth and Alfonso Graham pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants Jayne Hackbarth and Alfonso Graham shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

4

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28 day of January, 2010.

/s_____
LYNN ADELMAN
District Judge