# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LARRY J. BROWN,**
          **Plaintiff,**

     **v.**
                                              **Case No. 09-C-519**

**JAYNE HACKBARTH and**
**ALFONSO GRAHAM,**
          **Defendants.**

---

## ORDER

Pro se plaintiff Larry J. Brown, a Wisconsin state prisoner, brings this 42 U.S.C. § 1983 action claiming that defendants violated his Fifth and Fourteenth Amendment rights. Plaintiff is currently serving an eighty-year sentence for convictions on two counts of armed robbery and four counts of sexual assault. Plaintiff alleges that his prison file contains false records concerning his sex offender and drug abuse treatments. He brought an inmate grievance to correct this information, but inmate complaint examiner Linda O'Donovan rejected it and Waupun Correctional Institution Warden Michael Thurmer dismissed his appeal. He brought claims against Thurmer and O'Donovan based on the theory that he has a constitutional due process right to expunge false information from his file that is used to deny him parole. I previously screened the complaint under 28 U.S.C. § 1915A(a) and dismissed Thurmer and O'Donovan from the suit because plaintiff has no protected liberty interest under Wisconsin's discretionary parole regime until he reaches his mandatory release date. Grennier v. Frank, 453 F.3d 442, 444 (7th Cir. 2006). I dismissed Department of Corrections Secretary Rick Raemisch because plaintiff failed to allege that Raemisch personally caused or participated in any constitutional deprivation. See

Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994). Plaintiff now brings a motion to reconsider their dismissal, two motions for summary judgment, and a motion for appointment of counsel. Defendants move for an extension of time to respond to the summary judgment motions to allow for discovery.

I deny the motion to reconsider. Plaintiff makes no argument concerning Raemisch, and thus there is no basis to reinstate him. Furthermore, despite his assertions to the contrary, plaintiff has no liberty interest in discretionary parole. Felce v. Fiedler, 974 F.2d 1484, 1490 (7th Cir. 1992); Grennier, 453 F.3d at 444. There is no procedural due process protection for procedures which are unrelated to a protected liberty interest. See Johnson v. Rodriguez, 110 F.3d 299, 309 n.13 (5th Cir. 1997) (prisoner has no federal right to accurate information in his parole file absent a protected liberty interest).

I also deny plaintiff's March 31, 2010 motion for summary judgment. After severing Case No. 05-C-766, I allowed plaintiff until March 19, 2009 to file a new complaint. According to plaintiff, he filed two separate complaints: the complaint in this case and a second complaint based on religious claims. However, he inadvertently sent the second complaint to the Wisconsin Department of Justice instead of the Clerk of Court. Thus plaintiff never filed the second complaint and attempts to file a motion for summary judgment in this case on its behalf. However, because no complaint has been filed, the court is without jurisdiction to consider this matter or grant any motions concerning it.

As for plaintiff's April 7, 2010 motion for summary judgment, I will grant defendants' motion for extension of time to file a response and will set a schedule for the completion of discovery and for filing dispostive motions.

2

Finally, I deny plaintiff's motion to appoint counsel. He states that he is competent to proceed on his own, but that his $200 legal loan will soon run out and will have no way of communicating with the court without appointment of counsel. However, even assuming that his attorney would pay his fees, appointment of counsel is not meant as funding mechanism for litigation. When presented with a request for pro bono counsel, the court makes two inquires: (1) has plaintiff made a reasonable attempt to obtain counsel on his own, and if so, (2) given the difficulty of the case, does he appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Making these inquires, it would be improper to grant the motion because plaintiff believes that he is competent to proceed on his own and makes no showing that he attempted to obtain counsel. Furthermore, I note that plaintiff can apply for an extension of his legal loan limit if necessary. See Wis. Admin. Code § DOC 309.51.[1]

---

[1] The Wisconsin Department of Corrections legal loan provision provides:

> DOC 309.51 Funds for legal correspondence and copying. (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advanced to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Admin. Code § DOC 309.51(1).

Case 2:09-cv-00519-LA   Filed 05/20/10   Page 3 of 4   Document 24

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket #6) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (Docket #13) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #20) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to enlarge time (Docket #22) is **GRANTED**.

**IT IS FURTHER ORDERED** that all requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **August 16, 2010**. Defendants shall file a response and/or cross motion to plaintiff's motion for summary judgment on or before **September 17, 2010**.

Dated at Milwaukee, Wisconsin, this 20 day of May, 2010.

/s
LYNN ADELMAN
District Judge

4