UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY J. BROWN,
    Plaintiff,

 v.           Case No. 09-C-0519

JAYNE HACKBARTH and
ALFONSO GRAHAM,
    Defendants.

## ORDER

  Pro se plaintiff Larry J. Brown, a Wisconsin state prisoner, brings this § 1983 action claiming that defendants violated his Fifth and Fourteenth Amendment rights. I previously screened his complaint under 28 U.S.C. § 1915A(a) and dismissed several of his claims. Plaintiff moved to reconsider that order and subsequently moved for appointment of counsel, but I denied both motions in a May 20, 2010 order. Plaintiff now moves for reconsideration of the May 20 order. A motion for reconsideration serves a very limited purpose and should be used only to correct manifest errors of law or fact or to present newly discovered evidence. <u>Rothwell Cotton Co. v. Rosenthal & Co.</u>, 827 F.2d 246, 251 (7th Cir. 1987). Plaintiff shows neither, therefore, I will deny his motion.

  Plaintiff contends I should not have dismissed inmate complaint examiner Linda O'Donovan and Waupun Correctional Institution Warden Michael Thurmer as defendants. His claim is that his prison file contains false records which were used to deny him discretionary parole and that O'Donovan wrongly rejected his inmate grievance to correct it, and Thurmer wrongly denied his appeal. Plaintiff claims that he has a limited

constitutional right to expunge false information from his file because it is being used to wrongly deny him parole. Thus he claimed that Thurmer and O'Donovan violated his right to due process rights by intentionally keeping false records in his file and refusing to expunge them. I dismissed O'Donovan and Thurmer as defendants because plaintiff has no protected liberty interest under Wisconsin's discretionary parole regime until he reaches his mandatory release date, and thus his claim that O'Donovan and Thurmer violated his right to due process fails. Felce v. Fiedler, 974 F.2d 1484, 1491-1492 (7th Cir. 1992). Plaintiff asks me to reconsider this decision, submitting Wis. Admin. Code § HSS 30.02(1) (1987) (defining discretionary parole) and a document in which he claims defendants admitted that his mandatory release date is May 8, 2019. Plaintiff's submission only confirms that he has no liberty interest until 2019. Thus, I will deny his motion.

Plaintiff also argues that I improperly denied his motion to appoint counsel. When presented with a request for pro bono counsel, the court makes two inquires: (1) has plaintiff made a reasonable attempt to obtain counsel on his own, and if so, (2) given the difficulty of the case, does he appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has shown a reasonable attempt to obtain counsel. However, for the reasons stated in the May 20 Order, plaintiff appears competent to litigate the case himself. Plaintiff's recent filings for summary judgment and reconsideration only bolster this conclusion.

Therefore,

2

Case 2:09-cv-00519-LA    Filed 07/01/10    Page 2 of 3    Document 34

**IT IS ORDERED** that plaintiff's motion for reconsideration (Docket #25) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 1 day of July, 2010.

/s_____
LYNN ADELMAN
District Judge