# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LARRY J. BROWN,**
        **Plaintiff,**

        v.                                                  Case No. 09-C-0519

**JAYNE HACKBARTH and ALFONSO GRAHAM,**
        **Defendants.**

---

## ORDER

I previously screened pro-se prisoner plaintiff Larry J. Brown's complaint pursuant to 28 U.S.C. § 1915A(a), dismissing Warden Michael Thurmer and Inmate Complaint Examiner Linda O'Donovan as defendants. I denied plaintiff's motion to reconsider that order and denied his motion to appoint counsel. Plaintiff filed a notice of appeal, but the Court of Appeals dismissed it for lack of jurisdiction. He now seeks to stay proceedings and leave for an interlocutory appeal, and moves to proceed in forma pauperis on appeal.

Interlocutory appeal under 28 U.S.C. § 1292(b) may be taken if the district court certifies that the otherwise unappealable order involves a (1) controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). There is no basis to certify an interlocutory appeal. Plaintiff claimed that he had a constitutional due process right to expunge false information from his file used to deny him parole. I dismissed the claim because Wisconsin's discretionary parole statute does not create a liberty interest until his mandatory release date. See Felce v. Fiedler, 974 F.2d 1484, 1492 (7th Cir. 1992). Plaintiff moved to reconsider, but I denied the motion because

his submission indicated that his mandatory release date was in 2019. Plaintiff raises no argument that there is substantial ground for difference of opinion and I am aware of no conflicting case law. Likewise, whether plaintiff has counsel is not a controlling question of law to which there is substantial grounds for difference of opinion. Furthermore, immediate appeal would not advance the ultimate disposition of the case, as it would simply result in unnecessary piecemeal litigation. Therefore I deny plaintiff's request to certify an interlocutory appeal and deny his motion to stay proceedings.

Next, I consider the motion to appeal in forma pauperis. No docketing fees are charged for an application for the allowance of an interlocutory appeal under § 1292(b) unless the appeal is allowed. See 28 U.S.C. § 1913 (Court of appeals miscellaneous fee schedule); Fed. R. App. P. 5(d); U.S.Ct. of App. 7th Cir. Rule 45(a)(1), 28 U.S.C.A. However, in this case plaintiff filed a notice of appeal prior to requesting certification under § 1292(b), thereby causing the Seventh Circuit to docket his appeal and incurring the $455 filing fee. See Bell v. Clark, 194 F.3d 781, 781-82 (7th Cir. 1999). A party who has been granted leave to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed in forma pauperis. Fed. R. App. P. 24(a); see also 28 U.S.C. § 1915(a)(3). Plaintiff's affidavit establishes indigence, however I find that the appeal was not taken in good faith. An appeal is taken in bad faith if it is based on a frivolous claim in which no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). Because no reasonable person could conclude that an immediate appeal is warranted in this case I will deny the motion to proceed in forma pauperis. Plaintiff has

2

30 days from the date of this order to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. Fed. R. App. P. 24(a)(5).

Finally, plaintiff renews his request to appoint counsel. Plaintiff has made a reasonable attempt to obtain counsel, and thus the relevant questions are: (1) given the difficulty of the case, does plaintiff appear competent to try it himself, and (2) if not, would the presence of counsel be likely to affect the outcome? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007). In light of the relative simplicity of this case, plaintiff's filings indicate that he is capable of litigating it himself. No evidence suggests that plaintiff suffers from a physical or mental impairment or is otherwise unable to investigate or present his claims. Furthermore, I do not believe that presence of counsel would affect the outcome. The motion is therefore denied without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's request for leave to appeal is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 24 day of September, 2010.

/s_____
LYNN ADELMAN
District Judge