# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY J BROWN,

    **Plaintiff,**

v.                                                                       Case No. 09CV519

JAYNE HACKBARTH and ALFONSO GRAHAM,

    **Defendants.**

## ORDER

Plaintiff is proceeding on a 42 U.S.C. § 1983 claim for injunctive relief against defendants Wisconsin Parole Commission (WPC) commissioner Jayne Hackbarth and WPC chair Alfonso Graham premised on ex post facto application of parole regulations. See Garner v. Jones, 529 U.S. 244, 249-50 (2000) (retroactive application of laws governing parole may violate the ex post facto clause if they increase the punishment for a crime after its commission). Before the court are plaintiff's two motions to compel discovery and his motions of objections. These motions will be addressed herein.[1]

### Plaintiff's First Motion to Compel

Plaintiff moves the court to compel defendants to comply with discovery rules. He asserts that defendants' responses to Request Numbers 1-3 from his First Request for Production of Documents are insufficient. Defendants contend that plaintiff's motion should be denied because he failed to attempt to resolve this dispute with defendants and because their response to his requests produced the discovery to which he is entitled.

---

[1] Also pending are plaintiff's motion for summary judgment and defendants' motion for summary judgment, Docket Nos. 14, 49. The dispositive motions will be resolved in a subsequent order.

A party may file a motion to compel discovery if another party fails to respond to interrogatories or requests for production of documents. See Fed. R. Civ. P. 37(a)(3)(B). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); see also Civil L. R. 37 (E.D. Wis.).[2] A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Machines, Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Plaintiff served his First Request for Production of Document and First Set of Interrogatories on defendants on June 2, 2010, and defendants responded on July 1, 2010. Plaintiff's first request stated:

> Produce all discovery of admissible evidence you intend to use at trial, on summary judgment, etc. . . . This include but not limited to, all parole rules, policy and procedures as well as statutes used from 1970 to 2010 since plaintiff crime was committed in 1982-83. You are further directed to produce any other possible information and documents that would lead plaintiff to other persons, documents, information or other tangible things that would help plaintiff in discovery pursuant to Rule 26(b)(1) [sic].

(Potts Aff., ¶ 3, Ex. 1.) Defendants objected to this request as overly broad and burdensome. Furthermore, defendants indicated that the documents they planned to use during the course of a trial would be provided in accordance with the Court's Pretrial Conference Order, and no decision would be made with respect to which documents, if any, would be used in the context of trial until that time.

---

[2] Civil L. R. 37. Discovery Motions.
All motions to compel disclosure to discovery pursuant to Fed. R. Civ. P. 26 though 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences.

2

>Plaintiff's second requested stated:
>
>State the parole statute or statutes and the administrative regulation policy that gave plaintiff a "protected liberty interest" in mandatory parole release supervision. Then produce this statute or statutes and administrative regulation policy.

(Id.) Defendants objected to this request on the grounds that it was not in the form of a production of document. Defendants further objected on the grounds that it called for a legal opinion and assumed as fact that plaintiff has a protected liberty interest in mandatory parole release supervision.

>Finally, plaintiff's third request stated:
>
>Produce any and all documents, notes, memo's, assessments, evaluations, PRC, social services, security, clinical services, doctors, social workers, telegram, electronic mail, chart, HSU staff or any other authority that said or heard that plaintiff needed or is a drug abuser and need AODA treatment.

(Id.) Defendants responded that these documents were located in plaintiff's DOC Social Services/Legal file, and he could place a request with the records office at Waupun Correctional Institution to inspect his file.

Plaintiff made no attempt to resolve any discovery dispute with defendants before bringing this motion to compel and therefore his motion is subject to dismissal under Fed. R. Civ. P. 37 and Civil Local Rule 37. Even if plaintiff had complied with the rules, I find that defendants properly responded to his first three requests for production of documents, as set forth herein.

### Plaintiff's Second Motion to Compel

Plaintiff has filed a second motion requesting the court to compel defendants to comply with discovery rules. Defendants contend that plaintiff's motion should be denied because he failed to make a sincere attempt to resolve this dispute with defendants and

3

because defendants responded to his requests and produced the documents and information to which he is entitled.

Plaintiff served on defendants a second Request for Production of Document on July 21, 2010, and defendants responded on August 19, 2010.[3] Plaintiff's motion to compel addresses the following request:

> 1. On 9/23/08 you wrote plaintiff answering his open record request and identified victims statement to the commission which you denied plaintiff because the victims rights outweighted plaintiff, you are directed to produce those witness, victims, courts, notices and all other statements and documents concerning the victim in plaintiff case, this includes cards sent in from the victims by the D.A. office and any other form used by you to contact the victims and all other parties in the parole of this plaintiff.

(Potts Aff. ¶ 4, Ex. 2 at 2.) Defendants objected to this request for production, in part, on the grounds that it was overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request is related to a due process claim and since this claim was dismissed, plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence. In any event, defendants informed plaintiff that if such documents existed, they would be in his Social Services/Legal file, which he could obtain by placing a request with the records office at the Waupun Correctional Institution to inspect his file. Defendants informed plaintiff that they did not keep a separate file for the types of documents identified in his motion, and they also sent plaintiff blank copies of three of the forms he identified in his letter, in case they were of use to him.

I find that defendants properly responded to the request for production of documents which is the subject of plaintiff's motion.

---

[3] Defendants also sent plaintiff a response to a letter he had sent them on July 19, 2010, prior to his second document request. Plaintiff sent defendants another letter, which defendants received on August 26, 2010. Defendants' attorney was on vacation until Tuesday, September 7, 2010, but responded promptly on September 8, 2010; however, plaintiff filed his motion to compel later that same day.

4

### Plaintiff's Motion of Objections

Plaintiff has filed a motion of objections against defendants being allowed to file a second motion for summary judgment, change their answers, file a second findings of fact, and change their facts. A review of the docket reveals that plaintiff filed a motion for summary judgment on April 4, 2010, and defendants' cross-motion for summary judgment, filed August 20, 2010, also serves as a response to plaintiff's motion. Plaintiff filed a response to defendants' summary judgment motion and defendants followed up with a reply. Defendants' reply includes supporting materials in compliance with the Local Rules. See Civil L. R. 56 (E.D. Wis.). Hence, plaintiff's motion of objections is without merit.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel discovery (Docket #41) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to compel discovery (Docket #58) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order of objections (Docket #73) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2010.

/s_____
LYNN ADELMAN
District Judge