# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LARRY J. BROWN,**
        **Plaintiff,**

    v.                                                                 **Case No. 09C0519**

**JAYNE HACKBARTH and**
**ALFONSO GRAHAM,**
        **Defendants.**

---

## DECISION AND ORDER

Pro se prisoner plaintiff Larry J. Brown brings this 42 U.S.C. § 1983 action against defendants Alfonso Graham and Jayne Hackbarth, respectively the Chairman and a former commissioner of the Earned Release Review Commission (formerly known as and referred to herein as the "parole commission"). Plaintiff alleges that the defendants retroactively applied state parole regulations in violation of the ex post facto clause of the United States Constitution. The matter is before now on cross motions for summary judgment.

In 1983, plaintiff began serving an eighty year sentence for a state court conviction of two counts of armed robbery and four counts of first degree sexual assault. Plaintiff became eligible for parole in 1985 and his mandatory release date is in 2019. Hackbarth conducted parole review hearings for plaintiff in October 2005, February 2006, February 2007, and February 2008. She denied parole at each hearing, citing among many considerations the need for him to complete sex offender and drug and alcohol treatment programs. At the Febraury 2008 hearing, Hackbarth recommended that plaintiff's next eligibility date be set for April 2011. Graham approved the recommendation.

I consider defendant's motion first as it is dispositive. Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). I take the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

States are prohibited by U.S. Const. Art. I., § 10, cl. 1 from retroactively increasing the penalty for a crime after its commission. Garner v. Jones, 529 U.S. 244, 249-50 (2000). To succeed on his § 1983 claim, plaintiff must demonstrate that defendants retroactively applied a change in laws governing parole and either that the new law on its face or that its practical application creates a significant risk of increased incarceration. Id. at 255.

Plaintiff first claims that Wis. Admin. Code § HSS 30.02(1) (1987),[1] which defined discretionary parole and stated its purpose, previously entitled him to parole prior to his mandatory release date. He contends that the adoption and Hackbarth's retroactive application of Wis. Admin. Code § PAC 1.02 (1993)[2] changed the purposes of discretionary

---

[1] "Discretionary Parole is release of an incarcerated felon to supervision prior to the completion of the maximum sentence imposed by the Court and prior to release mandated by statute. Its function is threefold: to assure, in light of the nature and severity of the crime, that early release will not depreciate the seriousness of the offense; to determine that optimum benefit has been deprived from programs of education, training, and therapy; and to assess the risk to the community of early release and to determine in each individual case that there is a reasonable certainty of a crime-free reintegration of the inmate into society. Wis. Admin. Code § HSS 30.02(1) (1987).

[2] "This chapter structures the parole procedure so that it will be better understood by the general public and the prospective parolee, more equitable in its application, and more certain in its consequences, while providing for the exercise of informed discretion

parole such that it removed all opportunity for parole prior to his mandatory release date. This claim fails because plaintiff has not established that PAC 1.02 facially or as-applied affects the length of his sentence. Nothing in PAC 1.02 changed plaintiff's eligibility for parole prior to his mandatory release date or changed the substantive requirements for parole.

Second, plaintiff claims that Wis. Stat. § 302.11(1g)(b) on its face retroactively requires him to complete treatment programs for sex offenders and for drug and alcohol abuse before he can be paroled. This is incorrect. Section 302.11(1g)(b) did not change the parole commission's authority to review plaintiff's use of treatment programs or otherwise change his eligibility for parole. This is because that section only applies to prisoners with presumptive mandatory release dates who committed their crimes between April 21, 1994 and December 31, 1999. Wis. Stat. § 302.11(1g)(am). For these prisoners § 302.11(1g)(b) limits the parole commission's discretion to deny presumptive mandatory release to one of two grounds: (1) protection of the public or (2) refusal to participate in counseling or treatment. As plaintiff was convicted and sentenced in 1983, he does not have a presumptive mandatory release date. Thus plaintiff fails to show that § 302.11(1g)(b) has any effect on the length of his sentence. Furthermore, nothing in the record indicates that defendants applied this section to him.

Plaintiff next claims that beginning with his 2003 parole hearing defendants began applying a new substantive parole criteria which he claims looked for "specific and

---

in considering individual differences among inmates, their offenses, their institutional records, and their abilities to comply with the rules of parole and to maintain themselves in open society without engaging in criminal activity." Wis. Admin. Code § PAC 1.02.

egregious conduct" underlying his crimes. Plaintiff, however, fails to identify any statute, administrative rule, or policy relating to this claim. Nor does he explain how the parole commission's consideration of the facts underlying his crimes would implicate the ex post facto clause. Plaintiff therefore cannot meet his burden to show either a retroactive application of law or that such application risks increasing his sentence.

Finally, plaintiff claims that the parole commission is politicized and pressured into denying parole.[3] However, plaintiff does not claim that any statute or regulation is retroactively applied to him and therefore cannot show a violation of the ex post facto clause. The ex post facto clause does not determine how officials exercise their discretion under existing law and thus a mere change in attitude of public officials administering the discretionary parole system does not implicate that clause. Grennier v. Frank, 453 F.3d 442, 445 (7th Cir. 2006) ("[p]arole officials who become more concerned with public safety--and who act on that concern by insisting that prisoners complete sex-offender treatment programs before release--do not violate the Constitution").

For the above stated reasons,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED** and plaintiff's motion for summary judgment is **DENIED**.

---

[3] In support of this claim, plaintiff cites a 1994 letter by then Governor Tommy Thompson instructing the Secretary of the Department of Corrections to employ all lawful means to block the release of violent offenders who have reached their mandatory release date. However, this letter is immaterial for several reasons. See State v. Delaney, 289 Wis. 2d 714, 723-724 (Ct. App. 2006). Plaintiff has not yet reached his mandatory release date and therefore the letter is completely irrelevant to plaintiff's situation. Additionally, the letter did not make any changes in existing law, but rather requested a more aggressive use of existing law. Lastly, the letter does not have the force of law and thus does not implicate the ex post facto clause.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 17th day of December 2010.

        /s_____
        LYNN ADELMAN
        District Judge